**UNITED STATES DISTRICT COURT**  **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| LATOYA PICKARD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO.  9:23-CV-40 |
| | § | |
| OFFICER CEFALU, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Latoya Pickard, an inmate at the Murray Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit.  The lawsuit was dismissed for want of prosecution on April 18, 2023.  Plaintiff filed a motion for reconsideration of the judgment (#13).

### Analysis

Plaintiff requests relief from the judgment, asserting that she had been transferred and her mail was not being forwarded to her.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff asserts that she had been transferred to five different units during her incarceration and her mail was not being forwarded to her.  A review of the docket, however, reveals plaintiff had failed to update the court with any of her address changes.  Eastern District of Texas Local Rule CV-11(d) requires *pro se* litigants such as plaintiff to provide the court with a physical address and keep the clerk advised in writing of a current address.  Thus, plaintiff's motion fails to set forth a meritorious ground warranting relief from the judgment.

Further, plaintiff's motion is untimely. The judgment in this action was entered on April 18, 2023. Plaintiff, however, did not file her motion until more than two years later on June 30, 2025. Pursuant to Rule 60(c), a motion for relief based on excusable neglect must be made no more than a year after the entry of the judgment. Accordingly, plaintiff's motion for relief should be denied.

## ORDER

For the reasons set forth above, plaintiff's motion for relief from judgment lacks merit and should be denied. It is

**ORDERED** that plaintiff's motion for relief from judgment (#13) is **DENIED**.

SIGNED at Beaumont, Texas, this 2nd day of March, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE